MISSOURI PACIFIC RAILWAY COMPANY v. WINFIELD SCOTT.

No. 507.

1. Common Carrier—Evidence Prima Facie Showing Liability. In an action against a railway company for the value of certain cattle lost in shipment, a witness for plaintiff testified that he was in charge of fourteen cars of cattle belonging to plaintiff, shipped over defendant's road; that eight head of the cattle were killed; and that the cattle were in good condition when delivered to the road for shipment. *Held*, that the evidence tended prima facie to show liability on the part of defendant, and that it was a matter for cross-examination as to when and how the cattle were killed, and as to whether witness referred throughout to the defendant road or some other road.

2. Same—Right of Action when Property is Sold and Shipped for Delivery.—Where a contract of sale provides that the property is to be delivered to the buyer at a certain place, and the seller ships it to the buyer at such place, the right of action for loss or injury thereto by the carrier is in the consignor, since, until the delivery of the property, it is at his risk.

ERROR from Tarrant.    Tried below before Hon. R. E. BECKHAM.

*Finch & Thompson*, for plaintiff in error.— 1. The court erred in admitting the testimony of T. F. Cromer, whereby said witness was allowed to state that eight head of the cattle shipped were killed, which testimony was irrelevant and incompetent, in that it did not appear where and how said cattle were killed.   He testified simply that there were eight head killed.   Railway v. Riordan, 13 Atl. Rep., 324; Clark v. Railway, 64 Mo., 441–448; Railway v. Weakley, 35 Am. and Eng. Ry. Cases, 46.

2. Property sold, shipped, and consigned to another becomes the property of the vendee or consignee, and the consignor can not sue for damage incurred in transit.   Railway v. Frame, 18 Am. and Eng. Ry. Cases, 637; Railway v. Wood, 18 Am. and Eng. Ry. Cases, 634; 2 Am. and Eng. Encycl. of Law, 902..

*Ball, Wynne & McCart,* for defendant in error.— 1. The evidence of the witness Cromer was competent and relevant.   Hutch. on Carr., secs. 761, 764.

2. The sale to Hall was incomplete, it being agreed by Scott that he, Scott, should deliver them; but this fact is immaterial, as the action can be brought by either consignor or consignee.   Hutch. on Carr., secs. 723–730.

TARLTON, CHIEF JUSTICE.—This writ of error is prosecuted from a judgment for $1324, recovered March 25, 1890, by Winfield Scott as plaintiff against the Missouri Pacific Railway Company as defendant. The judgment is founded upon the verdict of a jury, assessing the amount recovered as damages for the failure to deliver certain cattle which had been received by the defendant as a common carrier.

The suit as originally instituted on May 8, 1888, was exclusively against John C. Brown and Lionel A. Sheldon, as receivers of the Texas & Pacific Railway Company.   Afterwards, June 12, 1888, the Missouri Pacific Railway Company was made a party defendant, and against it as the sole defendant the cause (having been dismissed as to the remaining parties) was prosecuted to judgment.

It appears that in the months of March and April, 1887, the plaintiff, Winfield Scott, shipped at different times quite a number of cattle, more than 1000, from Van Horn, a station on the Texas & Pacific Railway, in Texas, to Pryor Creek, in the Indian Territory.   These shipments were made over the Texas & Pacific line to Fort Worth, and thence over the Missouri Pacific line to the point of destination.   The cattle, 111 head, for the failure to deliver which this suit was brought, were of the number thus shipped.

Winfield Scott, their owner, had contracted to sell them to J. O. Hall, to be delivered in the Indian Territory.

The verdict of the jury indicates that they found as a fact, and this conclusion we adopt as sufficiently supported by the evidence, that the defendant, the Missouri Pacific Railway Company, was guilty of negligence in failing to deliver a number of cattle which had come into its custody, sufficient in value to justify the amount of the verdict.

One T. F. Cromer, a witness for the plaintiff, testified, among other matters, that "he was in charge of fourteen cars of cattle belonging to plaintiff, shipped over defendant's road to Pryor Creek, Indian Territory. The cattle were in very good condition when they were delivered to the road for shipment. * * * There were eight head killed, the value of which was $15 per head."

It is urged, that the court erred in admitting in evidence, over the defendant's objection, this statement to the effect that eight head of the cattle shipped were killed. It is insisted that the testimony is irrelevant, because "it did not appear where and how the cattle were killed." The plaintiff himself had previously testified, in effect, that he was the owner of the cattle in question, and that they were shipped over the line of the defendant railway company.

There was thus evidence tending to show, prima facie, at least, that the eight head of cattle were received by the defendant company in reasonably good condition, and that while in its custody they were killed. If the witnesses referred to different railways, and if the Missouri Pacific Company was never in charge of the eight head referred to, this fact could have been drawn out on cross-examination.

These remarks equally apply to the objection urged by the defendant to the testimony of the witness O. S. Wolf, which is made the ground of the second assignment of error. This witness had stated, that he was in charge of fifteen cars of plaintiff's cattle "shipped from Van Horn, Texas, to Pryor Creek, Indian Territory, over the defendant's road. They were in moderate condition when delivered to the road. * * * On account of a bridge being burned above Denison, the cattle had to be held over at Fort Worth thirty-eight hours. * * * In the shipments of these cattle there were three killed by getting in the manger at Fort Worth. There were four more crippled in the yards," because of their crowded condition at Fort Worth. It is insisted that this testimony was improperly admitted, because there was no evidence that the injuries to the cattle were due to the negligence of the defendant. If, as the testimony above recited indicates, these cattle were received by the defendant in good condition, and while in its custody were thus injured, the inference of negligence in the defendant would attach. Ryan v. Railway, 65 Texas, 13; Railway v. Horne, 69 Texas, 643; Railway v. Manufacturing Co., 79 Texas, 26. The testimony was properly admitted, to be weighed by the jury.

It is next contended, that the judgment is erroneous, because the evidence shows that the cattle in suit were not the property of plaintiff, but of J. O. Hall, and that in him, as the consignee, the right of action alone exists. This position is not tenable. Where the consignor has agreed to deliver at a particular place (and such, under the evidence, was the case in this instance), the right of action for loss or injury to the property shipped is in the consignor, for until delivery it is at his risk. Hutch. on Carr., sec. 734.

Among the cattle not delivered according to contract, the evidence shows that there were forty head which were received by one F. B. Severs before the defendant's train reached the point of consignment. These cattle were by mistake delivered to Severs, and an equal number, which really belonged to him, were carried on by the carrier to the point of destination provided for in the plaintiff's contract of shipment.

It is insisted that the verdict is erroneous to the extent of the value of these cattle, because the evidence shows, that by agreement between Severs and Scott, the latter agreed to accept the cattle belonging to Severs in lieu of those which had by mistake been delivered to him. It is true that Severs testifies positively to this agreement, but the plaintiff as emphatically denies it. The issue was pointedly submitted by the court in its charge to the jury, who evidently believed the plaintiff. It was their peculiar province to solve this question of credibility. Nor can we agree with the defendant's counsel, that the plaintiff's statement is wholly uncorroborated. Under the evidence, it is beyond dispute that the cattle belonging to the plaintiff were much more valuable than those belonging to Mr. Severs, and the probability of an even exchange by the former, as a cattle trader, is at least questionable.

We find no merit in the fourth assignment, complaining that the verdict, under the evidence, is excessive. The plaintiff testified to the loss of forty head of cattle of the value of $980; the witness Cromer to the loss of eight head worth $120; the witness Wolf to the loss of at least twenty-two head of the value of $330. These sums exceed the amount of the verdict, excluding the loss of nineteen head worth $285, to which an additional witness, Berkley, testifies. We are unable to hold that the jury erred in ascribing the losses found by them to the negligence of the defendant. The evidence, as already indicated, tended to show that they occurred while the property was in charge of the defendant company. The jury were specifically instructed to find nothing for cattle lost or injured while in the custody of the Texas & Pacific Railway Company, and the record justifies the conclusion that they complied with the charge.

The judgment is affirmed.

*Affirmed.*

Delivered September 13, 1893.