HOUSTON AND TEXAS CENTRAL RAILWAY COMPANY v. A. BURNS.

Decided December 2, 1905.

**1.—Charge—Assuming Fact.**

The jury were charged "that if from a preponderance of the evidence they believe that any or all of plaintiff's calves in question died of sporadic pneumonia, if they further believe that the negligent or rough handling of said calves by the defendant was the proximate cause of the death of said animals

by disease of pneumonia, they will find for the plaintiff." Held, error as assuming that there was negligent or rough handling.

**2.—Charge—Contributory Negligence.**

It was error to refuse a requested instruction to the effect that if the plaintiff was guilty of contributory negligence the jury should find for defendant regardless of any negligence on defendant's part.

Appeal from the County Court of Jackson County. Tried below before Hon. F. M. Austin.

*Baker, Botts, Parker & Garwood* and *Proctors*, for appellant Houston & T. C. Ry. Co.—It is reversible error for a trial court, in a charge to the jury, to assume as proven a fact where there is no evidence to support any such assumption, or where the evidence is conflicting as to the truth or falsity of such fact. Missouri, K. & T. Ry. v. Williams, 40 S. W. Rep., 161; St. Louis & S. W. Ry. v. Smith, 63 S. W. Rep., 1065; Gulf, C. & S. F. Ry. v. White, 32 S. W. Rep., 323; Houston Street Ry. v. Artusy, 31 S. W. Rep., 319.

In a suit for damages by reason of alleged injuries to a shipment of cattle, plaintiff can not recover if, by his own negligence, he contributed to the injuries, even if the carriers transporting said cattle were guilty of negligence in the transportation of same. International & G. N. Ry. v. Neff, 87 Texas, 306; Galveston, H. & S. A. Ry. v. Holyfield, 70 S. W. Rep., 221; International & G. N. Ry. v. Anchonda, 75 S. W. Rep., 559; Houston Street Railway v. Artusy, 31 S. W. Rep., 319; McDonald v. International & G. N. Ry., 86 Texas, 1; St. Louis & S. W. Ry. v. Ricketts, 54 S. W. Rep., 1090; Galveston, H. & S. A. Ry. v. Gormley, 35 S. W. Rep., 488; International & G. N. Ry. v. Eason, 35 S. W. Rep., 209, and cases cited.

The fact that property, while in transit on a railway, is damaged, will not justify the shipper in declining to receive said property. Gulf, C. & S. F. Ry. v. Everett, 83 S. W. Rep., 257.

*Davidson & Bailey*, for appellee.—Where a trial court substantially submits to a jury every phase of the case raised by the evidence as an issue, the appellant can not be heard to complain on appeal, unless, at the time of the trial, and before the submission of the issues to the jury, it presents to the trial court by special charge its phase of the case involved, or any additional matters of law which it contends ought to be more fully submitted to the jury. Van Alstyne v. Houston & T. C. Ry. Co., 56 Texas, 380; Johnson v. Granger, 51 Texas, 45; Fowler v. Waller, 25 Texas, 701; 2 Batts-Buckler's Digest, p. 307, art. 332.

The court did not err in refusing appellant's special charge number 2 requested by the defendant, because the same was fully covered in the main charge of the court, in which the issues, both of negligence on the part of the defendant, Houston & Texas Central Railway Company, and of contributory negligence on the part of appellee, were fully submitted to the jury, and the jury were instructed in the main charge of the court that, if they believed that plaintiff's calves were driven a long distance prior to shipment by appellee, and thereby became tired or heated, and were loaded by appellee upon the cars of appellant with-

out permitting said calves to rest or cool off, and if they further believed such acts on the part of the appellee constituted negligence on his part, and if they further believed that such negligence on his part proximately contributed to the cause of the death of appellee's calves that died in transit, they should find for the defendant.

REESE, ASSOCIATE JUSTICE.—A. Burns sued the Houston & Texas Central Railroad Company, the Galveston, Harrisburg & San Antonio Railway Company and the New York, Texas & Mexican Railway Company to recover damages alleged to have been sustained by him by reason of the loss of fifty-four head of calves out of a lot of seventy-five head shipped by him from Inez, a station on the N. Y., T. & M. Ry., to East St. Louis.

It was alleged that out of the lot of seventy-five head fifty-four head died or were destroyed in course of transportation, which is charged to have been caused by the negligence of defendants. Damages are laid at $500.

Upon the trial before a jury there was a verdict and judgment for the G., H. & S. A. Ry. Co. and the N. Y., T. & M. Ry. Co., and in favor of appellee against the H. & T. C. Ry. Co., for $484. Motion for new trial having been overruled, the latter company appeals.

The calves, seventy-five in number, were delivered by appellee to the N. Y., T. & M. Ry. Co. at Inez on September 28, 1900, about two o'clock p. m., and loaded upon a car within thirty minutes after their arrival at the station, having been driven from appellee's ranch, a distance of eleven miles, since six o'clock a. m. the same day. They were hauled by the N. Y., T. & M. Ry. Co. and the G., H. & S. A. Ry. Co. to Chaney Junction, about three miles from the city of Houston, arriving there at 10:30 p. m., and there delivered to the H. & T. C. Ry. Co. The car left Chaney Junction over the H. & T. C. Ry. at 1:30 a. m. on the 29th. When the car reached Hearne, on the line of the railway, at 10:30 a. m. on the same day, three of the calves were dead. They were unloaded at Hearne, and five more died in the pen at that point. The others were reloaded, and left Hearne at eight o'clock p. m. on the same day. The calves continued to die along the route, and when the car got to its destination only twenty-two were alive.

Appellant urged in defense that the car was properly handled, without negligence of any kind, and that the calves died as a result of inherent vices and defects. In support of this defense evidence was introduced tending to show that the calves died from pneumonia caused by having been loaded into the car and started on their journey while hot, and tired from the drive from the ranch to Inez, the sudden cooling in consequence of the movement of the train superinducing the disease.

It was contended by appellee that, if the calves died from pneumonia, it was caused by injury to them in the car as a result of negligent handling of the same.

The general charge to the jury contained the following instruction: "The jury are instructed in this cause that if, from a preponderance of the evidence, they believe that any or all of plaintiff's fifty-four calves in question died of sporadic pneumonia, if they further believe that the negligent handling or rough handling of said calves by the defendant

railway companies, or either of them, was the proximate cause of the death, destruction or loss of said animals by disease of pneumonia, they will find for the plaintiff, assessing his damages in such sum as the evidence shows he sustained."

Appellant complains that this instruction assumes that there was, on the part of appellants, negligent handling or rough handling of the calves, and the same is assigned as error. We think the assignment must be sustained. (St. Louis & S. W. Ry. Co. v. Smith, 63 S. W. Rep., 1064.)

Looking at the charge of the court as a whole, if, upon any theory of the evidence the verdict appeared to be justified thereby, we would not hold that the jury was influenced by this erroneous charge, and would not reverse the judgment on account of the error, but the verdict appears to us to be opposed to the great preponderance of the evidence that it can not be reasonably accounted for on any other hypothesis than that the jury was influenced thereby to the prejudice of appellant.

The jury was instructed that if the appellee was guilty of negligence, which proximately contributed to the death of the calves, they should find for the defendants. It is objected by appellant that they should have been further instructed that this would result, regardless of any question of negligence on the part of defendants, and a charge was asked so instructing the jury, which was refused, and the giving and refusal of these instructions is assigned as error. We think the requested charge should have been given. (International & G. N. Ry. Co. v. Neff, 87 Texas, 307.)

The tenth assignment of error must be overruled. It was not the duty of appellee to receive the calves while in transit, and before arrival at destination, upon being informed of their condition.

Other assignments are addressed to the facts, and need not be referred to further than has been done in this opinion.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*