INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v. JOHN NOWASKI ET AL.

Decided Dec. 11, 1907.

**Opinion Evidence—Proper Loading of Live Stock.**

On the issue as to whether a mule died in transit on the cars from natural causes it was competent to show that the animal was transported with due care, and the opinion of one skilled in loading stock and who placed it on and tied it in the car that this was done in a proper manner should have been admitted.

Appeal from the County Court of Falls County. Tried below before Hon. D. H. Boyles.

*Martin, Spivey & Carter,* for appellant.—The carrier was liable only on proof of negligence. Texas & P. Ry. Co. v. Snyder, 86 S. W. Rep., 1041; Texas & P. Ry. Co. v. Klepper, 24 S. W. Rep., 567; Hutchinson on Carriers (3d ed.), sec. 336.

The opinion evidence of witness Mallard should have been admitted. Gulf, C. & S. F. Ry. Co. v. John, 9 Texas Civ. App., 342; Missouri P. Ry. Co. v. Jarrard, 65 Texas, 560.

*Tom Connally,* for appellee.—The inference of negligence arises from receipt by the carriers in good condition and failure to so deliver. Gulf, C. & S. F. Ry. Co. v. Roberts, 85 S. W. Rep., 480; Missouri P. Ry. Co. v. Scott, 4 Texas Civ. App., 76; St. Louis & S. F. Ry. Co. v. Parmer, 30 S. W. Rep., 1110; Bibb v. Missouri, K. & T. Ry. Co., 84 S. W. Rep., 663; St Louis S. W. Ry. Co. v. McIntyre, 36 Texas Civ. App., 399.

The witness Mallard testified fully and without objection as to the details of the loading of the mule in the car, its tying, etc., and ventilation, and these matters were not such technical matters as to call for expert testimony; permitting the witness to detail the loading and tying of the mule obviated any objection to the exclusion of this opinion.

FISHER, CHIEF JUSTICE.—This is a suit by the appellee to recover from the appellant the value of a mule shipped over appellant's road from Anderson, Texas, to Marlin, Texas. The mule before reaching the place of destination was found dead in the car, and before it reached Marlin was unloaded by the employes in charge of appellant's train.

Verdict below was in favor of the appellee. There is evidence tending to show that the mule was in good condition when delivered by appellee to the railway company; and there is some evidence tending to show that possibly the mule may have died from natural causes, but the evidence leaves it uncertain as to what was the cause of the death of the mule. Appellant contends that there was no negligence upon its part that caused or contributed in any way to the death of the mule; and there were charges requested by appellant to the effect that it could not be held liable unless it was guilty of negligence.

The court instructed the jury that the railway company would not be liable for the death occurring from causes over which it had no control.

The appellant receiving the mule for shipment would be held responsible for its safe delivery, and could be excused only upon the ground that an act of God, public enemies, or the inherent vice of the animal or some conduct of the plaintiff was the cause of the loss or death of the mule. The delivery to the carrier being shown, failure to deliver to the shipper or consignee would create a prima facie case of liability against the appellant. This was the theory upon which the case was tried in the court below, and was the reason, doubtless, why the court refused to instruct upon the issue of negligence, but the question at last is, what was the cause of the death of the animal?. It is contended by the appellant that it died from causes over which it had no control; and, of course, if this is true, it would not be liable. The difficulty lies in proving the defense asserted. There was no evidence introduced in this case that in a direct way accounted for the death of the animal. Its appearance, condition and the surroundings could only be testified to as having some bearing in tending to establish the cause of its death. These

facts were merely circumstances. Now, while it is true that the appellant could not acquit itself merely by establishing the fact that it was not guilty of negligence, still evidence tending to acquit it of any negligence, and tending to establish the fact that it carefully cared for and provided for the safety of the mule during transportation, would be some evidence tending to show, possibly, that the mule died from causes over which the appellant had no control. Such evidence would be admissible as a process of exclusion as having some tendency to create an hypothesis consistent with the idea that death arose from natural causes. And it was in view of this theory that the evidence of the witness Mallard was offered by the appellant as set out in the bill of exception stated under the seventh assignment of error. It was proposed to prove by that witness that he loaded the mule in controversy in the car, tying him with a rope and seeing to a partial closing of the door for the purpose of ventilation. He was an experienced man in doing this character of work, that is, in loading and unloading stock; and after testifying to these facts he was asked the question whether or not the mule was properly loaded as to tying in the car and as to the proper place in the car where he was tied, and the manner in which he was tied, and the means by which he was tied, and whether the opening left in the door was sufficient for ventilation; and it is shown by the bill of exceptions that he would have expressed an opinion favorable to the railroad company. It would be a difficult matter for a witness to so describe the several acts inquired about to a jury as to put before them the situation as it really existed. He testified as to what he did, and the evidence shows that he was experienced in that character of work, and we think it was proper for him to express his opinion. The questions inquired about present a combination of facts which are to be considered as a whole in order to determine the effect which should be given to them, and this was a matter that would be difficult to reproduce, except by the opinion of the witness. Railway v. Jarrard, 65 Texas, 566.

The evidence showed that the animal was tied with a rope when put in the car. There is a witness who testified that when the animal was found in the car, the rope was either broken or cut; and one of the conductors who had charge of one of appellant's trains on which this animal was transported, testifies that he discovered on the neck and shoulders of the mule places which looked like boils or sores. Other witnesses testified that there was no negligence in the handling of the train.

If the opinion of this witness had been admitted, the jury possibly, in connection with other evidence in the case, might have given it some effect as having a tendency to establish that the mule died from natural causes, or that by pulling back on the rope, might have caused its death.

We find no other error in the record, except the refusal of the court to admit the opinion of this witness.

*Judgment reversed and cause remanded.*