FT. WORTH & R. G. RY. CO. et al. v. BRYSON & BURNS. (No. 715.)

(Court of Civil Appeals of Texas. El Paso. May 24, 1917.)

1. CARRIERS ☞230(1) — INJURY TO STOCK SHIPMENT—NEGLIGENCE—QUESTION FOR JURY.

Evidence showing that a stock shipment was in carrier's exclusive control, that cattle were sound when delivered to carrier, and upon arrival were injured, made a prima facie case of negligence requiring submission to jury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 962.]

2. TRIAL ☞194(15) — INSTRUCTION ON WEIGHT OF EVIDENCE.

Instruction that if jury found "that through the rough handling," etc., of cars, cattle shipped were injured, shipper could recover, was erroneous for assuming rough handling of shipment, thus being an instruction upon the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 465.]

3. CARRIERS ☞213—STOCK SHIPMENT—DUTY TO TRANSPORT WITHIN REASONABLE TIME.

A carrier of live stock is required to use ordinary care to transport shipment with reasonable dispatch or within a reasonable time.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 920–922.]

4. TRIAL ☞296(1)—ERRONEOUS INSTRUCTION CURED BY OTHER INSTRUCTION.

An erroneous main charge was not cured by a correct special charge in conflict therewith, since the matter was thus left in such a manner as to confuse the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–707.]

5. EVIDENCE ☞489 — OPINION — VALUE OF STOCK SHIPMENT.

A witness' opinion as to what value of cattle would have been if they had been delivered by carrier free from injury was not objectionable as being an opinion upon a mixed question of law and fact.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2274.]

6. APPEAL AND ERROR ☞204(1) — NECESSITY OF OBJECTION—ADMISSION OF EVIDENCE.

An objection to admission of evidence not raised in the trial court cannot be raised for the first time on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1258.]

7. EVIDENCE ☞474(19) — OPINION — KNOWLEDGE—MARKET VALUE.

Where a witness testified that no market existed for cattle, as injured by carrier's negligence, evidence as to his opinion as to their market value was inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2218.]

8. CARRIERS ☞227(3) — INJURY TO STOCK SHIPMENT—ISSUES, PROOF, AND VARIANCE.

Where petition did not allege that any cattle shipped died after delivery, but was confined to the condition of the shipment on arrival, evidence was inadmissible to show such facts not pleaded.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 956.]

Appeal from Comanche County Court; J. H. McMillan, Judge.

Action by Bryson & Burns against the Ft. Worth & Rio Grande Railway Company and others. Judgment for plaintiff, and defendant named appeals. Reversed and remanded.

Kearby & Kearby, of Comanche, for appellant. H. N. Goodson, of Comanche, for appellee.

HIGGINS, J. Appellees shipped two carloads of cattle from Ft. Worth to Comanche over the line of appellant railway company. This action was brought by appellees against the railway company and its receivers appointed subsequent to the date of the shipment to recover damages to the shipment alleged to have been caused by delay and rough handling while being transported. A plea of abatement was filed by the receivers and sustained. Verdict was returned and judgment rendered against the railway company, from which it prosecutes this appeal.

It is complained of the court's charge that the issue of rough handling should not have been submitted because there is no evidence to raise the same.

[1] The evidence shows that the shipment was unaccompanied by a caretaker, and was in the exclusive care and control of the appellant while in course of transportation; that the cattle were delivered to it sound and uninjured, and upon arrival at destination some were badly injured. This raised a prima facie case of negligence in handling, which required submission to the jury. Railway Co. v. Franklin, 58 Tex. Civ. App. 41, 123 S. W. 1150; Railway Co. v. Scott, 4 Tex. Civ. App. 76, 26 S. W. 239; Railway Co. v. Nowaski, 48 Tex. Civ. App. 144, 106 S. W. 437.

[2] In the court's charge, the jury was instructed:

"If you find from a preponderance of the evidence that at or about the time alleged in plaintiff's petition, defendant received and shipped the cattle described in said petition from Ft. Worth, Tex., to Comanche, Tex., for plaintiff, as in such petition alleged, and that through the rough handling and jerking of the cars in which such cattle were shipped and by reason of holding the same on the cars at Dublin, if they were held on the cars and delayed at said place as

alleged by plaintiff, said cattle were damaged as in plaintiff's petition , alleged. * * * "

It is objected to this portion of the charge that it was upon the weight of the evidence, in that it assumed that there was rough handling of the shipment. This objection is well taken. Railway Co. v. De Bord, 62 Tex. Civ. App. 302, 132 S. W. 845; Railway Co. v. Williams, 111 S. W. 196; Railway Co. v. Williams, 17 Tex. Civ. App. 675, 40 S. W. 161; Railway Co. v. Burns, 41 Tex. Civ. App. 83, 90 S. W. 688.

[3] The third and fourth assignments complain of other portions of the charge, the effect of which was to impose upon defendant the obligation to transport with reasonable dispatch. This imposed a greater burden than is proper since the law only requires the defendant to use ordinary care to transport with reasonable dispatch or within a reasonable time. Railway Co. v. Roberts, 60 Tex. Civ. App. 145, 126 S. W. 890; Railway Co. v. Hurst, 135 S. W. 599.

[4] It is true defendant requested and the court gave a special charge which laid down the proper rule, but it was in conflict with the main charge, and the jury was thus without a proper guide to govern their decision in this matter. In any event, the main charge upon this phase of the case was calculated to confuse the jury.

[5, 6] By the fifth assignment, complaint is made of the testimony of certain witnesses who testified what the value of the cattle would have been if they had been delivered free from injury. Two objections are urged in the brief to the admission of this evidence, the first being that it was the opinion of the witnesses upon a mixed question of law and fact. This objection is not tenable. It was testimony as to value given by qualified witnesses and involved no question of law. The other objection made was not urged in the court below, and cannot be raised for the first time upon appeal.

[7] Error is assigned to the admission of the testimony of the plaintiff's witness Sherrell, as to the fair, cash market value of the cattle in question at the time and in the condition they were delivered to plaintiff at Comanche. It was objected to this evidence that the witness was not qualified to testify as to such market value. The witness testified that there was no market in Comanche for cattle in the condition plaintiff's cattle were in at the time of their arrival. If, in the opinion of the witness, there was no market value for such cattle, necessarily he could not know and would not be qualified to testify what the market value was. The admission of this evidence was therefore error.

[8] Error is next assigned to the action of the court in permitting the witness Bartlett to testify in behalf of the plaintiff that one head of cattle died the next morning after their arrival, and another the following morning. It was objected to this evidence that there was no allegation in the petition that any of the cattle died after delivery, the allegation being confined to their condition on arrival, and, further, that neither the allegation nor the proof showed that the injuries received in transit caused the death of any of the animals after delivery, and was highly prejudicial to the rights of defendant and immaterial as to any issue made by the pleadings. These objections are well taken. The state of the pleadings was as indicated in the objection, and there was no evidence that the death of the animals after delivery was caused by any injuries received in transit.

The last assignment complains that the verdict and judgment is excessive. Since the case must be reversed and remanded for retrial on account of the errors indicated above, there is no occasion to pass upon this assignment.

Reversed and remanded.