GALVESTON, H. & S. A. RY. CO. v. BOOTH. (No. 919.)

(Court of Civil Appeals of Texas. El Paso. Jan. 30, 1919. Rehearing Denied Feb. 27, 1919.)

1. EVIDENCE ⬤══244(16) — ADMISSION BY RAILWAY CLAIM·AGENT—LETTERS.

In action against railroad for loss of cattle, a letter from claim agent of defendant stating that at a certain town on defendant's line animals were in such bad condition that four of them were removed from the car dead was admissible as an admission by claim agent that four animals died in defendant's possession.

2. PLEADING ⬤══11—MATTERS OF EVIDENCE—DOCUMENTS.

In action against carrier for loss of stock in shipment, it was not necessary that letter from defendant's claim agent, stating that stock died while in defendant's possession, be pleaded in order to make it admissible.

3. EVIDENCE ⬤══378(4)—LETTERS—AUTHENTICATION.

Where practicing attorney testified that he had a great deal of correspondence with claim department of defendant railroad, and in answer to his letters he always received letters from J. M., and signature on letter introduced in evidence was same that was on letters he received, and that he knew that such was his signature, and that he was claim agent of defendant, authentication of signature was sufficient.

4. RAILROADS ⬤══17 — AUTHORITY OF CLAIM AGENT.

It is within general scope of authority of claim agent of railroad company to refuse or allow a claim against his principal.

5. EVIDENCE ⬤══204—ADMISSION—LETTERS TO CONSIGNEE.

In action by a shipper against carrier for loss of cattle, letter written by defendant's claim agent to consignee, admitting that cattle died while in defendant's possession, was admissible in evidence.

6. CARRIERS ⬤══228(5) — LOSS OF CATTLE IN TRANSIT—NEGLIGENCE—PROOF.

Evidence of shipper that animals were strong enough to make trip, and that they died before they reached their destination, and that the car in which they were loaded was improperly bedded, and not a safe car to transport cattle, was sufficient to show carrier's negligence.

Appeal from Presidio County Court; H. B. Young, Judge.

Action by E. C. Booth against the Galveston, Harrisburg & San Antonio Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, I. L. Martin, of Uvalde, W. Van Sickle, of Alpine, and Beall, Kemp & Nagle and H. Potash, all of El Paso, for appellant.

Mead & Metcalfe, of Marfa, for appellee.

HIGGINS, J. Booth recovered a judgment against appellant for the value of four cows shipped from Ryan, Tex., to Ft. Worth. The shipment moved from Ryan to Flatonia over appellant's line. Ryan is near the station of Marfa.

[1–5] Error is assigned to the admission in evidence of a letter from J. D. McCraney, claim agent of appellant, addressed to Geo. W. Saunders Commission Company, the consignee of the cattle. In this letter it was stated that at Sanderson, which is only a short distance from Marfa, the animals were in such bad condition that four of them were removed from the car dead. The letter declined payment of the claim. The letter was properly admitted. It was an admission by the claim agent of appellant showing that the four animals died in appellant's possession. It was not necessary that the letter be pleaded in order to make it admissible. A party is not required to plead his evidence. The signature of McCraney was sufficiently proven. Mr. Mead, a practicing attorney, testified that he had had a great deal of correspondence with the claim department of appellant, and in answer to his letters he always received letters from J. D. McCraney, and the signature on this letter is the same that was on the letters he received, that he knew that was his signature, and that McCraney is the claim agent of appellant. This was a sufficient authentication of the signature to admit the letter in evidence. Ullman, etc., v. Babcock, 63 Tex. 69; Sartor v. Bolinger, 59 Tex. 411; 1 Greenleaf on Evidence, § 577; 1 Wigmore on Evidence, § 702. It is within the general scope of the authority of a claim agent of a railway company to refuse or allow a claim against his principal. The record discloses that Geo. W. Saunders Commission Company was the consignee of the cattle, which sufficiently discloses its connection with the shipment, so as to make the letter of McCraney addressed to it admissible. · These observations dispose of the various objections urged against the admissibility of the letter.

[6] As to the first and third assignments, the evidence is sufficient to establish that the loss occurred on the line of appellant, and that the same was caused by its negligence. The letter of McCraney shows upon whose line the cows died. The testimony of

---

⬤══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Booth shows that the animals were strong enough to make the trip to Ft. Worth, and it appears they died before they reached Sanderson, which was a short distance from the point of shipment. His testimony also discloses that the car in which they were loaded was improperly bedded and not a safe car in which to transport cattle. This was sufficient to show prima facie that the loss was due to defendant's negligence, and, in the absence of any rebutting evidence, supports the finding that the loss resulted from negligence on defendant's part. Railway Co. v. Scott, 4 Tex. Civ. App. 76, 26 S. W. 239; Railway Co. v. Nowaski, 48 Tex. Civ. App. 144, 106 S. W. 437.

Since there is evidence to show that the loss occurred upon appellant's line, it follows that the fourth and fifth assignments are without merit.

Finding no error, the judgment is affirmed.