### KAUFMAN COUNTY v. W. L. McGAUGHEY ET AL.

#### No. 1344.

**County Boundaries—Commissioner of General Land Office—Conflict of Statutes.**

The act of April 22, 1879 (page 137), giving to the County Court jurisdiction to determine county boundary lines, was not repealed by section 20 of the final title of the Revised Statutes of 1879 nor by articles 686 et seq. of such Revised Statutes, giving such jurisdiction to the Commissioners Court; and hence a dis-

agreement between the surveyors appointed by the Commissioners Court in 1881 to locate a county line did not confer authority upon the Commissioner of the General Land Office to order the survey and determination of such disputed line.

APPEAL from Travis. Tried below before Hon. JAS. H. ROBERTSON.

*Walton & Hill* and *Jos. Huffmaster*, for appellant.

*M. M. Crane*, Attorney General, and *J. S. Sherrell*, for appellees.

FISHER, CHIEF JUSTICE.—This is an action by Kaufman County to restrain W. L. McGaughey as Commissioner of the Land Office, and a surveyor appointed and acting under him, to move or disturb the boundary line between Kaufman and Hunt counties as the same was established in 1882 by and through orders and authority of W. C. Walsh, then the Commissioner of the General Land Office. It appears that the plaintiff's cause of action as disclosed by the petition bases the relief it asks, which is only by restraining orders of the court operating upon McGaughey and the surveyor appointed by him, solely upon the fact that the line established by Walsh fixed the legal boundary line between Kaufman and Hunt counties, and that it being once established, McGaughey, as Commissioner of the Land Office, could not disturb it as he was threatening to do. Judgment below was rendered against appellant that it take nothing by its suit, and that the appellees recover their costs, etc.

We find as facts that in 1882 a boundary line was established between Kaufman and Hunt counties by virtue of the order and authority of W. C. Walsh, Commissioner of the General Land Office, and that he acted in the premises by reason of the reports made to him by surveyors appointed by the Commissioners' Court of Hunt and Kaufman counties. Said surveyors pretended to act in ascertaining the boundary lines between the counties and in making the reports to Walsh of their inability to agree, by virtue of appointment and authority by and from the Commissioners' Court of each county respectively, and we find that the surveyors, before they reported to W. C. Walsh, had attempted to establish the boundary line between said counties, but they did disagree as to where it should be located and line run and established.

We also find that the only authority shown for the acts of these surveyors in this matter were orders of the Commissioners Court of Hunt and Kaufman counties, made in 1881, and that Walsh acted in the matter upon the report of the surveyors as to their inability to agree. In view of the disposition we make of the case, these are the only facts we probably should find, but to complete the findings so as to embrace all the facts shown by the record, we adopt the findings of fact made by the trial court, which are fully set out in the record.

The Commissioners Court of Hunt and Kaufman counties at the time they acted in the matter had no authority or jurisdiction over the establishment of boundary lines between their respective counties, con-

sequently such courts could not confer any authority upon the surveyors who disagreed as to the lines and upon which report of disagreement Walsh acted. The Commissioner of the Land Office could only exercise his authority in the premises when the surveyors appointed by the County Court failed to agree. The County Court, at the time the boundary was sought to be established in 1881 and 1882, alone had jurisdiction in the premises. Acts 1879, p. 137.

It is true articles 686 et seq. of the Revised Statutes which went into effect September 1, 1879, confer upon the Commissioners Court the authority to have boundary lines between counties established, but this act does not confer any authority whatever upon the Commissioner of the Land Office. There is an irreconcilable conflict between the provisions of the Revised Statutes upon this subject and the act of April 22, 1879, page 137, which went into effect from passage, and in which stage of conflict, sec. 20, Final Title, Revised Statutes, provides that the act of April 22, 1879, shall control. Wherefore we hold that the Commissioners Court did not have jurisdiction in the premises; consequently Walsh and the surveyors who established the line by his orders were wanting in authority in the premises, as their acts were based upon orders of a court without jurisdiction.

The following are the laws and cases bearing on the question: Acts 1879, p. 137; Laws 1885, p. 31; Laws 1889, p. 42; Revised Statutes, p. 113; 58 Texas, 230; 65 Texas, 213; 69 Texas, 172. We find no error in the judgment and it is affirmed.

*Affirmed.*

Delivered November 27, 1895.

Writ of error refused.