## G. B. OLIVER v. FIRST NATIONAL BANK OF COOPER, TEXAS.

### No. 994.

**1. Practice—Reopening Case.**

It is not an abuse of discretion for the trial judge to refuse to re-open a case which has been submitted to him without a jury, in order that plaintiff may have opportunity to testify in the case, where plaintiff's attorney announced ready for trial, knowing that plaintiff was not in the court room at the time, and did not ask any postponement because of plaintiff's failure to appear before the submission was completed.

**2. Assignment of Error—Findings of Fact.**

An assignment of error attacking the trial court's conclusions of fact cannot be considered in the absence of a statement of facts and exceptions duly filed to such conclusions.

**3. Interest—Open Account.**

Interest upon an open account may be charged at a rate agreed upon by oral contract between the parties.

APPEAL from Delta. Tried below before Hon. JOHN L. SHEPPARD.

*James Patterson*, for appellant.

*H. D. McDonald*, for appellee.

LIGHTFOOT, CHIEF JUSTICE.—This suit was brought by appellant in the District Court of Delta County against the First National Bank of Cooper to recover the sum of $2936.70 as damages by way of penalty against the bank for having knowingly charged and received from appellant, through its agent, G. W. Acker, on May 17, 1893, the sum of $1468.35, interest which was tainted with usury. There was a recovery below for the defendant, from which this appeal was taken.

The trial below was before the court without a jury, and his conclusions of fact are adopted, as follows: "On March 11, 1891, G. B. Oliver was indebted to the defendant as follows: Open account, evidenced by overdrafts drawn under parol contract between plaintiff and defendant, by which defendant was to honor plaintiff's check and charge him interest at the rate of one per cent per month on daily balances amounting to $5289.20, of which $190 was such interest; one note for $400, due January 1, 1891, drawing 12 per cent per annum interest from maturity, and one note for $1262.50, due October 1, 1890, drawing 12 per cent per annum interest from maturity. By a correct calculation of interest on these demands at 12 per cent, there was due March 11, 1891, $7028.91. On that day the cashier of the bank estimated the sum due to be $7024.82, or, $4.09 less than was actually due. Plaintiff desired an extension of time for eight months, and the cashier calculated interest on this sum for eight months, at 12 per cent per annum, which he estimated to be $559.74, which he added to the $7024.82, making $7584.56, and he took plaintiff's note for that amount, with 12 per cent per annum interest from maturity. In making the calculation, the cashier made the sum $2.24 less than 12 per cent interest would have actually made the sum due. It was the intention of the cashier to calculate all the interest at 12 per cent per annum, but he made it at a little less rate.

"2. Plaintiff paid this note as follows: On February 24, 1892, he paid $185.85; on April 22, 1892, he paid $3200. He then executed a chattel mortgage to G. W. Acker, trustee, to secure defendant, upon property he owned, and on May 17, 1893, Acker, for plaintiff, paid defendant $4956.36 in full payment of the note and interest. There was then $240.42 more than that sum due on the note, but the trustee refused to pay it, and the bank surrendered the note on payment of $4956.36."

The other facts necessary for a determination of this appeal will appear under the different assignments.

The first assignment of error presented by appellant under his bill of exceptions No. 1 is to the effect, that the court erred in refusing to

re-open the evidence in the cause after the case had been submitted, and allow the appellant to testify in his own behalf. It appears from the bill of exceptions, that after the cause had been tried and submitted to the court, the appellant filed his motion to re-open the case and to allow him to testify, on the ground that "plaintiff was in the court room to within a short time before the call of his case, and his attorney, believing that he would return in a short time, announced ready for trial. That the fact is, plaintiff had been taken suddenly sick, and went to his hotel and laid down. That his attorney sent during the trial to the hotel and other places in town, but could not find plaintiff. That plaintiff expected to return in a short time after he left the court room, and did not notify his attorney of his departure. That he will swear that he never agreed orally or in writing to pay the Delta County Bank, or its successor, the First National Bank of Cooper, any interest whatever on his overdrafts. That he did expect to pay interest thereon, but did not expect to pay 12 per cent on said overdrafts. That he only paid about that on notes which run for several months together. That plaintiff did at the date of said overdrafts do a large amount of business, and did most if not all of his business through such bank. That he often had large amounts of money deposited with said Delta County Bank, with whom such overdrafts were mainly had;" that the court at the time of said motion "had not rendered his decision herein, nor intimated the same."

The court approved the bill of exceptions, with this qualification: "When plaintiff announced ready, Mr. Oliver was not in the court room, and his counsel announced, knowing he was absent. There was no postponement asked for, and no request to withdraw the announcement. Mr. Oliver keeps a hotel in plain view of, and within about 150 yards of, the courthouse, and counsel asked no indulgence because of his absence. Moreover, if the facts stated in the motion had been admitted to be true, it would not have changed the result. The evidence showed that no higher rate of interest than 12 per cent was ever charged, and by executing the note of March 11, 1891, plaintiff contracted to pay the 12 per cent charged on daily balances on overdrafts." This assignment is not well taken. In the first place, appellant's counsel, in announcing ready for trial without the presence of his client, took the risk of his making his appearance in court. If he was surprised in any way during the progress of the trial of the case by the failure of his client to appear, he should have then asked a postponement until his client's presence could be secured; but, having tried the case and submitted it without the presence of Mr. Oliver, the court did not abuse its discretion in refusing to subsequently re-open the case so as to allow appellant to testify. In the second place, the appellant, on March 11, 1891, executed to the bank his note, whereby he contracted in writing to pay the 12 per cent interest charged on overdrafts. But, even if this had not been true, the court found, as a fact, that the appellant had agreed orally to pay

12 per cent per annum upon his overdrafts, and there was no law at that time to prevent such agreements. There is no statement of facts in the record, and this finding by the court below must be taken as true.

The second assignment of error attacks the findings of fact of the court below, in holding that there existed a parol contract between plaintiff and defendant to pay 12 per cent interest per annum on overdrafts of plaintiff. We can not consider this assignment, in the absence of a statement of facts and exceptions filed to the conclusion of the court attacking it. The fact that the court, in its qualification of the bill of exceptions, held that if the facts stated in the motion had been true, it would not have changed the result, does not authorize an attack upon the conclusions of fact found by the court, unless there was a statement of facts upon which to base it. The court was merely giving the reason for his ruling in refusing to sustain the motion to re-open the case. That ruling was correct, and even if the court had given an erroneous reason for the ruling, it would not have changed its correctness, nor would it have furnished the basis for an attack upon the findings of fact as made.

3. The third assignment of error is as follows: "The court erred in his conclusions of law, in concluding and finding that the defendant was entitled to judgment, as shown in his conclusions of law herein filed and made a part of the record, in this case, to which reference is here made, because in the findings of fact filed by the court, he finds that on the 11th day of March, 1891, there was embodied in the note for $7584.56 the sum of $190 interest, which was interest charged on open account at the rate of 12 per cent per annum." This assignment is not well taken. The court further found as a conclusion of fact, that the interest charged on the open account at the rate of 12 per cent per annum was charged by agreement of parties at the time, and was embodied in the note which was signed by the appellant.

4. The fourth assignment is, in effect, that the court erred in refusing to render judgment for the appellant under the findings made by the court below. If those findings were true (and in the absence of an attack upon them properly based upon a statement of facts, they must be taken as true), the court could not have found a judgment in favor of appellant.

5. The fifth assignment raises practically the same question upon the ruling on appellant's motion for new trial. We have carefully examined the conclusions of fact found by the court, which have not been excepted to by appellant, together with the argument and authorities presented, and we cannot say that any other judgment could have been properly rendered. The judgment is affirmed.

*Affirmed.*

Delivered December 14, 1895.