HOUSTON & TEXAS CENTRAL RAILROAD COMPANY ET AL. v. W. H. ROBERTS ET AL.

Decided March 30, 1910.

**1.—Carrier—Delay.**

The duty of a carrier of live stock is, not to transport and deliver within a reasonable time, but to exercise ordinary care so to do.

**2.—Carrier—Negligence—Charge.**

Where various grounds of negligence were alleged, but some were unsupported by proof, it was error to submit all the alleged grounds as warranting a verdict for plaintiff if established.

**3.—Damages—Market Value.**

Where cattle are injured in shipment, market value at destination is the basis for measuring damages, if they have a market value there.

**4.—Charge.**

See charge held not to be on the weight of evidence by assuming the existence of negligence.

**5.—Evidence—Opinion—Value.**

A witness familiar with market value of cattle generally at a given place and time may testify as to difference in values as showing damages by mishandling of stock shipped to that point by rail, though he possessed no special knowledge as to their market value there after undergoing railroad shipment, it being a feeding and not a marketing point.

**6.—Evidence—Practice.**

Testimony should not be excluded on objections affecting merely its weight; and only the objections urged below will be considered on appeal.

Appeal from the District Court of Llano County. Tried below before Hon. Clarence Martin.

*S. R. Fisher, J. H. Tallichet* and *S. W. Fisher* (*Baker, Botts, Parker & Garwood* and *Terry, Cavin & Mills,* of counsel), for appellants. —The court erred in the first paragraph of its charge on the law of the case, because the same charges and advises the jury that each defendant rested under the duty of transporting and delivering plain-

tiff's cattle within a reasonable time, the legal duty being only to exercise ordinary care to transport and deliver within a reasonable time. St. Louis S. W. Ry. Co. v. Thompson, 103 S. W., 684; Chicago, R. I. & P. Ry. Co. v. Gillett, 99 S. W., 712; San Antonio & A. P. Ry. Co. v. Turner, 42 Texas Civ. App., 532; Missouri, K. & T. Ry. Co. v. Kyser, 43 Texas Civ. App., 322; Texas & N. O. R. Co. v. Bingle, 91 Texas, 287; Texas & P. Ry. Co. v. Huffman, 83 Texas, 290; Gulf, C. & S. F. Ry. Co. v. Johnson, 83 Texas, 633; Galveston, H. & S. A. Ry. Co. v. Gormley, 91 Texas, 399; Bering Mfg. Co. v. Peterson, 28 Texas Civ. App., 194.

The court erred in the fifth paragraph of its charge submitting to the jury as against said defendant issues not supported by evidence. Houston & T. C. Ry. Co. v. Davis, 50 Texas Civ. App., 74; Texas & P. Ry. Co. v. Berchfield, 12 Texas Civ. App., 145; O'Dair v. Missouri, K. & T. Ry. Co., 14 Texas Civ. App., 539; Galveston, H. & S. A. Ry. Co. v. Waldo, 26 Texas Civ. App., 1005; Houston City St. Ry. Co. v. Artusey, 31 S. W., 319.

Any loss or damage sustained by plaintiffs' cattle could be legally measured only by difference in market value, unless it were alleged and proved that they had no market value. Galveston, H. & S. A. Ry. Co. v. Levy, 45 Texas Civ. App., 373.

The charge complained of was as follows: "If you find a verdict in favor of the plaintiffs for damages, you will fix the amount at the difference, if any, between the value of plaintiff's cattle at Fairfax, Oklahoma, at the time and in the condition you find from the evidence they were delivered there, and what you find from the evidence the value would have been if they had been transported and delivered by defendants within a reasonable time and with ordinary care."

The sixth paragraph of its charge is on the weight of the evidence, advising the jury, in effect, that plaintiff's cattle were not transported or delivered by defendant within a reasonable time or with ordinary care. International & G. N. R. Co. v. Startz, 42 Texas Civ. App., 85; Galveston, H. & S. A. Ry. Co. v. Davidson, 61 Texas, 205; Houston & T. C. Ry. Co. v. Nixon, 52 Texas, 28.

The mere fact that the witnesses said that they were qualified—that is, said that they knew the value of said cattle under the conditions mentioned—is not effective to qualify them to give the testimony adduced. The court must look to the facts shown, and not to the conclusions drawn by the witness; and the facts conclusively show that they were not qualified. Gulf, C. & S. F. Ry. Co. v. Jackson & Edwards, 99 Texas, 343; Texas Central Ry. Co. v. Blanton, 36 Texas Civ. App., 307.

(The seventh, eighth and ninth assignments of error complained of the admission of plaintiff's testimony as to market value of the cattle at destination, on the ground that, though he had qualified as knowing market value of cattle there generally, he had shown no market value there, or knowledge thereof, as to cattle in their condition after long transportation by rail.)

Where, as in this case, the market value is not established, and it is doubtful whether there is a market or market value at destination, the original cost of the cattle and the cost of shipping may be proved

as the best means of showing what should be the value at destination. (10th and 11th assignments.)    Gulf, C. & S. F. Ry. Co. v. Jackson & Edwards, 99 Texas, 343; Gulf, C. & S. F. Ry. Co. v. Godair, 3 Texas Civ. App., 514; Pacific Express Co. v. Lothrop, 20 Texas Civ. App., 339; Atchison, T. & S. F. Ry. Co. v. Veale, 39 Texas Civ. App., 37; Ft. Worth & R. G. Ry. Co. v. Word, 111 S. W., 754; Galveston, H. & S. A. Ry. Co. v. Powers, 54 Texas Civ. App., 168.

*J. H. McLean* (*Sam Spears,* of counsel), for appellees.—By the charge as a whole, defendants were made liable only for unreasonable or negligent delay.    Ft. Worth & D. C. Ry. Co. v. Greathouse, 82 Texas, 111; Gulf, C. & S. F. Ry. Co. v. Porter, 25 Texas Civ. App., 491; San Antonio & A. P. Ry. Co. v. Turner, 42 Texas Civ. App., 532; Gulf, C. & S. F. Ry. Co. v. Baugh, 42 S. W., 246; St. Louis, I. M. & S. Ry. Co. v. Gunter, 39 Texas Civ. App., 129.

The fifth paragraph of the court's charge, which submits the question of negligence generally, without directing the jury's attention to particular acts or omissions on the part of defendants, is not subject to the criticism contained in this assignment, the defendants not having requested any special instruction on the subject.    East Line & R. R. Ry. Co. v. Smith, 65 Texas, 167, 170; Houston & T. C. Ry. Co. v. Davis, 50 Texas Civ. App., 74.

"Value" and "market value" are practically one and the same thing, and the measure of damages submitted by the court as "the difference, if any, between the value of plaintiff's cattle at Fairfax, Oklahoma, at the time and in the condition  .  .  .  they were delivered there, and what you find from the evidence the value would have been if they had been transported and delivered by defendants within a reasonable time and with ordinary care," was correct, especially as evidence of "value" was introduced without objection on account of it not being the "market value."    Manchester Fire Ins. Co. v. Simmons, 12 Texas Civ. App., 607; Cliquot's Champagne, 70 U. S. (3 Wall.), 114; Southern Kansas Ry. Co. v. Crump, 32 Texas Civ. App., 222; Jones v. Noel, 39 S. W., 724.

The former part of the court's charge having made plaintiff's right to recover depend upon negligence of the defendants directly and proximately resulting in damage to plaintiff's cattle, and the charge complained of being predicated upon the contingency that the jury found for plaintiff, the measure of damages as submitted by the court was correct, and not a charge upon the weight of the evidence.    Gulf, C. & S. F. Ry. Co. v. Jackson & Edwards, 99 Texas, 343; San Antonio & A. P. Ry. Co. v. Wright, 20 Texas Civ. App., 136.

The witnesses W. H. Roberts and C. E. Shults, both cattlemen of many years' experience, properly qualified themselves to testify as to values, and the testimony given by them was properly admitted in evidence.    Gulf, C. & S. F. Ry. Co. v. Jackson & Edwards, 99 Texas, 343; Ft. Worth & R. G. Ry. Co. v. Word, 111 S. W., 754; Gulf, C. & S. F. Ry. Co. v. Gann, 8 Texas Civ. App., 624; Galveston, H. & S. A. Ry. Co. v. Powers, 54 Texas Civ. App., 168.

The value of cattle being subject to great and frequent fluctuation, what they sold for at Kansas City, in the State of Missouri, about

three months after they were delivered at Fairfax, in the State of Oklahoma, is no criterion by which the value, either market or intrinsic, of said cattle can be measured at the time of such delivery at Fairfax, especially in the absence of proof that such value had not fluctuated. San Antonio & A. P. Ry. Co. v. Wright, 20 Texas Civ. App., 136; International & G. N. R. Co. v. Young, 72 S. W., 68, 69.

FISHER, CHIEF JUSTICE.—W. H. Roberts and C. E. Shults brought this suit against the Houston & Texas Central Railroad Company, the Gulf, Colorado & Santa Fe Railway Company and the Atchison, Topeka & Santa Fe Railway Company, to recover damages alleged to be $4,780, to a shipment of 904 head of stock cattle, part from Llano and part from Marble Falls, to Fairfax, Oklahoma.

There was a judgment rendered against the Houston & Texas Central Railroad Company for $200, and $31.60 interest; and against the Gulf, Colorado & Santa Fe Railway Company for $700 damages and $110.50 interest, and against the Atchison, Topeka & Santa Fe for $485 damages and $76.70 interest.

The grounds of negligence alleged against each and all of the roads are, first, that the defendants negligently and roughly handled the cattle, and that they were jammed, thrown from their feet over against each other and against the walls and floors of the cars; second, that the defendants carelessly and negligently failed to keep in good order and repair their cars and engines, and attempted to haul said cars with broken and defective engines; third, that at various and sundry times along the route defendants took into and set out of the train containing the cattle numerous cars loaded with dead freight, thereby causing said cattle to be unnecessarily switched, bumped, jarred and jammed; fourth, that all along the route defendants carelessly and negligently delayed the transportation of said cattle by slow runs and stops, and fifth, that at Cleburne, Texas, defendants caused said cattle to be unloaded in muddy pens over plaintiffs' protest, and again loaded into the cars, thereby causing great delay and injury to said cattle.

There is, in our opinion, a fundamental error apparent upon the face of the judgment, which will require a reversal of the case, although there are other errors which we propose to point out in the opinion, for which the case ought also to be reversed. The verdict contained in the judgment is as follows: "We the jury find a verdict in favor of the plaintiffs as follows: Against the Houston & Texas Central Company for $200, and against the Atchison, Topeka & Santa Fe Railway Company for $475, and for each of said amounts to bear interest at the rate of six percent per annum from April 21st, 1906." Upon that verdict judgment was rendered against the Houston & Texas Central Railroad Company for $200, with interest for $31.60, and against the Gulf, Colorado & Santa Fe for $700, together with $110.50 interest, and against the Atchison, Topeka & Santa Fe for $485, together with $76.70 interest. The case was tried before a jury, and the liability and nonliability of each of the roads against which judgment was rendered was submitted by the charge of the court. The verdict makes no disposition and finding with reference to

the Gulf, Colorado & Santa Fe Railway Company, but the judgment, as will be observed, is against that road for the amount just stated. Of course, the judgment must follow the verdict, and it was improper to render a judgment against the Gulf, Colorado & Santa Fe Railway Company unless it had been disposed of and determined by the verdict. Possibly this is a mistake which may have occurred in making up the transcript; but, of course, this we do not know, as we can only be governed by what is contained in the record.

The error pointed out in the first assignment will doubtless be corrected upon another trial. That charge, taken in connection with the one given at the request of the appellants, doubtless did not mislead the jury. But upon another trial we suggest that the apparent error be removed by the court instructing the jury to the effect that the burden imposed upon the railroad company is the exercise of ordinary care to transport the cattle within a reasonable time.

The second, third and fourth assignments of error are well taken. The court, in the fifth paragraph of its charge, substantially instructed the jury to the effect that if all or either of the roads mentioned were guilty of any act or omission charged in plaintiffs' petition in connection with the handling, transporting or delivery of said cattle, and that such act or omission, if any, amounted to negligence on the part of defendants or either of them, and that such negligence proximately resulted in damages to plaintiffs' cattle, they should find a verdict for plaintiffs for the amount of the damages that said cattle sustained as a result of such negligence, together with interest, etc. There were, as we have stated in the former part of this opinion, several grounds of negligence alleged against all of the roads. Some of these averments were not supported by the evidence. The charge, in effect, instructed the jury that if any of the defendants were guilty of any of the acts of negligence charged in the petition, and they proximately caused the injury, etc., to find against them. That is virtually submitting to the jury all of the issues of negligence pleaded, whether proven or not. Of course, a jury might select which of those acts of negligence charged had evidence to sustain them; but the trial court has no right to submit an act of negligence unless there is some evidence relating to it. We will not undertake to point out all of the alleged acts of negligence which were not established by the evidence, but, just to illustrate that this is a fact, we can call attention to the absence of testimony tending to show that the Atchison, Topeka & Santa Fe was guilty of any delay. The evidence of the plaintiff himself admits that the Atchison, Topeka & Santa Fe made good time.

The point raised by the fifth assignment of error with reference to the failure of the charge of the court to confine the jury to market value in determining the damages, will doubtless be corrected upon another trial; but, however, that will depend upon the testimony. If there is a market value, that ought to govern. If there is no market value, plaintiffs would be entitled to the reasonable value of their cattle which sustained damages by reason of the delay, or injuries arising from the other acts of negligence alleged.

We do not think that the charge is on the weight of the evidence, as complained of in the sixth assignment.

The evidence complained of in the seventh, eighth and ninth assignments was admissible.

We do not think any error was committed, as pointed out and complained of in the tenth and eleventh assignments, in the exclusion of the testimony there referred to. The plaintiffs were entitled to the value of their cattle in the condition they should have been in at Fairfax, their point of destination, if transported within a reasonable time and without negligence. What they might have brought some time subsequent to then, in another and different market, could not be admitted to affect the right of plaintiffs to recover the damages they sustained when the cattle arrived at Fairfax. Upon this subject this court, in Gulf, Colorado & Santa Fe Ry. Co. v. Stanley, 29 S. W., 807, said: "Although the cattle were not shipped for immediate sale, and were pastured for a number of months after reaching their destination, their deterioration in market value at the place of destination, or so much thereof as was caused by appellant's negligence, was the correct measure of damages. This was decided by this court in Gulf, Colorado & Santa Fe Ry. Co. v. Hume, 6 Texas Civ. App., 653, 24 S. W., 915, and affirmed on this point in the same case by the Supreme Court in 87 Texas, 211, 27 S. W., 110." Other similar cases bearing upon this subject are: Texas & Pac. Ry. v. Avery, 33 S. W., 706; Mitchell v. Western Union Tel. Co., 12 Texas Civ. App., 262, 33 S. W., 1020; Galveston, H. & S. A. Ry. Co. v. Thompson, 44 S. W., 9, and Hughes v. Austin, 12 Civ., 178, 33 S. W., 609.

We are inclined to the opinion that the evidence set out in the bill of exception under the twelfth assignment of error was admissible. The objection to it merely went to its weight and not to its admissibility.

We are inclined to think that, as against the Gulf, Colorado & Santa Fe Railway Company, the letter complained of in the thirteenth assignment of error, which was admitted against the defendants, was admissible. There is no objection urged to it on the ground that that agent did not have authority to write such a letter or to make such a statement with reference to the time consumed at certain stations. If this objection had been urged it might have been a different question.

The remaining assignments are on the facts.

For the reasons pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

OPINION ON MOTION FOR REHEARING.

RICE, ASSOCIATE JUSTICE.—The court reversed this case, among other reasons, on the ground that the transcript failed to show a verdict against the Gulf, Colorado & Santa Fe Railway Company for any amount, whereas the judgment was rendered against it for $700, together with $110.50 interest thereon, on the ground, of course, that the judgment must follow the verdict. Since then appellees have filed a motion for rehearing, and also for certiorari to perfect the record, and in which it has been made to appear that there was a mistake in copying the verdict in the transcript in this respect, and that the jury

did in fact find against the Santa Fe for the amount for which the judgment was rendered.  So that this eliminates this apparent error, and to this extent the original opinion is corrected; but, as to the other matters urged in the motion for rehearing, we still adhere to our original opinion, and therefore overrule the motion for rehearing.

*Motion overruled.*