KANSAS CITY, M. & O. RY. CO. OF TEXAS et al. v. MOORE.

(Court of Civil Appeals of Texas. Ft. Worth. April 27, 1912.)

1. CARRIERS (§ 230*) — CARRIAGE OF LIVE STOCK — ACTION FOR DAMAGES — INSTRUCTIONS—DELAY.

In an action for damages by delay to an interstate shipment of cattle, less than a trainload, from a point 565 miles from destination, where there was nothing indicating that they could have been transported within 28 hours, beyond which the federal statutes (Rev. St. U. S. §§ 4386–4388 [U. S. Comp. St. 1901, pp. 2995, 2996]) forbid the confinement of cattle in transportation without unloading for watering, etc., for at least five hours, the refusal to give defendant's requested instruction that in determining the delay incident to the transportation the jury should not consider the delay necessary for unloading, watering, resting, and reloading the cattle was error.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 961, 962; Dec. Dig. § 230.*]

2. TRIAL (§ 252*) — INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

In an action against a carrier of live stock for damages from delay where plaintiff failed to prove a decline in the market and the only proof on the subject was to the contrary, the refusal of a requested charge that, in estimating plaintiff's damages, the item claimed on account of a decline in the market price should be excluded, was error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

Appeal from Knox County Court; J. H. Milam, Judge.

Action by W. R. Moore against the Kansas City, Mexico & Orient Railway Company of Texas and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded for new trial.

D. J. Brookreson, of Benjamin, for appellants. Jas. A. Stephens, of Benjamin, for appellee.

CONNER, C. J. Appellee W. R. Moore instituted this suit on December 27, 1909, against the Chicago, Rock Island & Pacific Railway Company and the Kansas City, Mexico & Orient Railway Company of Texas as connecting lines of common carriers for $787.18 damages to a shipment of cattle consisting of eight cars containing 53 steers and 145 heifers from Benjamin, Tex., to Kansas City, Mo., on November 10, 1909. The negligence alleged is that the cattle reached the market 53 hours later than they should have done, and which resulted in damages, as alleged, of $173.48 on account of the decline in the market value of such cattle from the time they should have arrived and the time they did arrive and were sold, $129.29 on account of the decline in the value of the cattle caused by depreciated appearance, $359.41 because of an excessive loss in weight, and $75 for additional feed on account of the delay. There was another item for disinfecting pens while in transit, but which was eliminated by the court's charge, and which we need not further notice. The defendants answered by general denial, and the trial resulted in a verdict and judgment for the plaintiff in the sum of $524.95, with interest thereon at the rate of 6 per cent. per annum from the 11th day of November, 1909.

[1] We think the court erred in refusing to give appellants' special charge No. 8 to the effect that, in determining the delay incident to the transportation in question, the jury should "not consider the delay necessary for unloading, watering, resting and reloading the cattle." The undisputed evidence shows that the shipment was an interstate one; that it is 565 miles from Benjamin, the initial point of the shipment, to its destination, Kansas City, Mo. There were but eight cars, less than a train load of the cattle, and nothing in the evidence indicates that the cattle could have been transported from Benjamin to Kansas City within the 28 hours beyond which the federal statutes on the subject forbid the confinement of cattle in transportation without unloading the same for the purpose of watering, feeding, and resting them for at least five hours. See Revised Statutes (U. S.) §§ 4386–4388 (U. S. Comp. St. 1901, pp. 2995, 2996). It seems manifest that in determining the matter of delay complained of the period required by the law for the purpose of feeding and watering and resting the cattle in the pens should not have been included, and the defendant had the right to have the jury so instructed under the circumstances of this

case. See Railway Co. v. Smith, 135 S. W. 597.

[2] Appellants' requested special charge No. 3 was to the effect that in estimating the plaintiff's damages, if any, they should exclude the item of $173.48 claimed on account of a decline in the market price. Appellee not only failed to prove a decline in the market, but the only proof on the subject was distinctly to the contrary. The charge, therefore, should have been given; the court's charge being general in its form.

We find no error as presented in the court's refusal to allow each of appellants' separate peremptory challenges and other assignments become immaterial in view of the reversal.

Because of the errors noted, it is ordered that the judgment be reversed, and the cause remanded for a new trial.