SAN ANTONIO & A. P. RY. CO. v. SHANKLE & LANE.   (No. 5562.)

(Court of Civil Appeals of Texas. Austin. Dec. 22, 1915. On Motion for Rehearing, Jan. 19, 1916.)

1. APPEAL AND ERROR ☞1066—PREJUDICIAL ERROR — INSTRUCTIONS — APPLICABILITY TO EVIDENCE.

In a suit for damages to a shipment of cattle from unreasonable delay, etc., a charge that, if the unreasonable delay caused the cattle to get to market a day later, and there was a decline in that market, the jury should find for plaintiff the amount of damages thereby sustained, was reversible error, where the evidence did not show that there was any decline in the market between the day when the cattle should have arrived and the day on which they did arrive, and where, for aught the court could tell, the jury might have based their verdict for plaintiff on such item of damages.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. ☞1066.]

2. APPEAL AND ERROR ☞1050—PREJUDICIAL ERROR—EVIDENCE.

In such action the admission of extracts in the nature of market notes or review, showing on their face that they were no part of the market quotations, was prejudicial error, though plaintiffs might have established market value by market reports from publications regarded and recognized as correct.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. ☞1050.]

3. CARRIERS ☞230—INJURY TO SHIPMENT OF CATTLE—INSTRUCTION—DAMAGES.

In such suit the charge directing a verdict for defendant carrier on the ground that no measure of damages had been shown was properly refused, as, notwithstanding there was no sufficient evidence on the measure of damages, plaintiffs were entitled to recover nominal damages.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 961, 962; Dec. Dig. ☞230.]

4. TRIAL ☞191—INSTRUCTIONS—ASSUMPTION OF FACT.

In a suit for damages to a shipment of cattle from unreasonable delay, etc., a charge that the measure of damages was the difference between the value of the cattle as they were when they reached the market and their value if they had arrived in good condition and in reasonable time was objectionable, as assuming that there was a difference between the value of the cattle when they arrived and their value had they arrived earlier.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. ☞191.]

5. TRIAL ☞191—INSTRUCTIONS.

Such instruction was objectionable, in that it assumed that the cattle were damaged, and that they failed to arrive in good condition and in reasonable time.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. ☞191.]

On Motion for Rehearing.

6. APPEAL AND ERROR ☞1173—DISPOSITION —AFFIRMANCE.

Where one of two carriers, defendants in action for damages to a shipment of cattle, had an instructed verdict in its favor, and the other suffered judgment and alone appealed, the judgment, though reversed and remanded as to the appellant, would be affirmed as to such defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4562–4572, 4656; Dec. Dig. ☞1173.]

Appeal from Falls County Court; F. S. Heffner, Judge.

Suit by Shankle & Lane against the San Antonio & Aransas Pass Railway Company and the Missouri, Kansas & Texas Railway Company of Texas. Judgment in favor of defendant, Missouri, Kansas & Texas Railway Company of Texas, and against defendant San Antonio & Aransas Pass Railway Company, and it appeals. Reversed and remanded as to defendant San Antonio & Aransas Pass Railway Company, and affirmed as to defendant Missouri, Kansas & Texas Railway Company of Texas.

Boyle & Storey, of San Antonio, and Neff & Taylor, of Waco, for appellant. Nat Llewellyn, of Marlin, for appellees.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

RICE, J.    Appellees brought this suit against appellant and the Missouri, Kansas & Texas Railway Company of Texas to recover damages to a shipment of cattle, consisting of 31 calves, 10 cows, and 1 bull, from Chilton, via appellant's line to Waco, thence over the Missouri, Kansas & Texas Railway to Ft. Worth. The negligence alleged consisted in unreasonable delay, rough handling en route, and that the car in which they were shipped was poorly bedded, on account of which the cattle became dirty, bedraggled, hollow, fell off in weight, and depreciated in market value, and, further, that there was a decline in the market between the time the shipment should have arrived and the time it did arrive at Ft. Worth, as well as an alleged failure on the part of appellant to notify the Missouri, Kansas & Texas Railway Company of the shipment, which it was claimed it was their duty to do, and that the cattle should have been shipped out on the train passing Chilton at 4 o'clock, whereas they were not shipped until about 6:30, which occasioned the delay.

Appellant answered, specifically denying each act of negligence charged against it, and specially pleaded that it received the shipment under a written bill of lading, whereby it only bound itself to transport the same to Waco, and there deliver it to its connecting carrier, the Missouri Kansas & Texas Railway Company. It further alleged that it handled said shipment with due diligence and care, properly transporting the same from Chilton to Waco, where it promptly delivered same to its codefendant.

The trial resulted in a verdict and judgment in favor of appellees against appellant for the sum of $100; but there was an instructed verdict in favor of the Missouri, Kansas & Texas Railway Company, from which judgment appellant alone prosecutes this appeal.

[1] Among other things, the court charged the jury that, if they believed that such unreasonable delay caused said cattle to get to the market at Ft. Worth a day later, and there was a decline in the Ft. Worth market, then they would find for plaintiffs the amount of damage they sustained thereby, etc. This charge is challenged by the first assignment of error, on the ground that there was no evidence before the jury that there was a decline in said market, and that the court therefore submitted an issue not warranted by the evidence. We have carefully examined the statement of facts, and failed to find any evidence whatever which would warrant the submission of this issue. Mr. Lane, who accompanied the shipment, and the only witness who testified with reference to the subject under consideration, did not undertake to say what the market was in Ft. Worth either on July 17, 1912, the day appellees claim the cattle should have arrived, or on July 18th, the date on which they did arrive and were sold, or on any other date. Appellees failed to take the testimony of the commission merchant to whom the cattle were consigned, nor was the testimony of any other person familiar with the Ft. Worth market introduced showing, or tending to show, any decline in the market between said days. It is true Mr. Lane testified what his cattle brought, and read from a newspaper report their supposed weight and classification, but no market report was read from said paper covering the dates in question, showing the market price of cattle on said respective dates. Plaintiffs, however, did read the following excerpts from the Live Stock Reporter:

"W. B. Lane of Falls County had in 31 calves of 422 that notched $3."

### "Calves and Yearlings.

"Trading in the calf section dragged badly, the market being more listless than on yesterday. What few consignments of a good sort that were offered crossed the scales the forenoon at prices that looked about 50 cents lower than last week's close. Common to medium calves were given rough treatment, and on these the market was considered 50 to 75 cents lower than on Monday."

No dates were offered in connection with these extracts. This evidence, we think, falls far short of showing or tending to show that there was any decline in the Ft. Worth market between the day that the cattle should have arrived and the day on which they in fact did arrive. Appellant objected to the charge complained of in the above assignment for the reasons urged, properly reserving its exception to the action of the court in overruling such objection. In Houston & Texas Central R. R. Co. v. Barron, 124 S. W. 996, it was held reversible error to submit in a charge an issue not made by the evidence, unless it is clear that the jury were not misled thereby. Again, in Kansas City, Mexico & Orient Ry. Co. v. Moore, 149 S. W. 302, it is held, as shown by the syllabus, that:

"In an action against a carrier of live stock for damages from delay, where plaintiff failed to prove a decline in the market, and the only proof on the subject was to the contrary, the refusal of a requested charge that, in estimating plaintiff's damages, the item claimed on account of a decline in the market price should be excluded, was error."

In Gulf, Colorado & Santa Fé Ry. Co. v. Anderson, 126 S. W. 928, it was held that the submission of an issue made by the pleadings, where no evidence tending to sustain it is introduced, is an error calculated to mislead the jury, and requires a reversal of the judgment. To the same effect is the holding in H. & T. C. R. R. Co. v. Roberts, 126 S. W. 890, by Chief Justice Fisher. For aught that we can tell, the jury may have based their verdict on this item of damages. We therefore sustain the assignment complaining of this charge, and hold that to give it under the facts disclosed by the record was reversible error.

[2] Appellant claims by its second assign-

ment of error that the court erred in admitting in evidence over appellant's objection the extracts from the Ft. Worth Live Stock Reporter above referred to, on the ground that the same was no part of the market report, and therefore hearsay and incompetent to prove any issue in the case. While it is always competent to establish market value by market reports from publications regarded and recognized as correct, yet the rule has never been extended, so far as we are advised, as to permit the introduction of such an item as the one alluded to. The excerpt shows on its face that it is no part of the market quotation. We think its introduction over appellant's objection was error and prejudicial, and we therefore sustain this assignment.

[3] Notwithstanding there may not have been sufficient evidence on the measure of damages, yet, as appellees were entitled to recover nominal damages, it would have been improper to have given the charge directing a verdict for appellant on the ground that no measure of damages had been shown, for which reason we overrule the third assignment.

[4, 5] The court charged the jury in the sixth paragraph as follows:

"You are instructed that the measure of damages in this case is the difference between the value of said cattle as they were at the time they reached the Ft. Worth market and their value had they arrived there in good condition and in reasonable time."

This charge is objected to on the ground that it assumed that there was a difference between the value of the cattle at the time they did arrive and their value had they arrived earlier than they did, and because it was on the weight of evidence, in that it assumed that the cattle were damaged, and that they failed to arrive in good condition and in reasonable time. This charge is open to the criticism urged against it, and we therefore sustain the fifth assignment of error complaining of its submission to the jury.

For the errors indicated, the judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.

### On Motion for Rehearing.

[6] The Missouri, Kansas & Texas Railway Company of Texas has filed its motion for rehearing, asking us to set aside the general order of reversal in this case and affirm the judgment below as to it, on the ground that the trial court rendered judgment in its favor. The record, however, shows that no appeal was taken from the judgment in its favor, the appeal bond having been made payable alone to the appellees, Shankle & Lane; therefore it was not technically necessary to have restricted the order of reversal to Shankle & Lane, because this was the legal effect of such reversal.

But, in order to relieve the case of all doubt, the motion of the Missouri, Kansas & Texas Railway Company of Texas is granted, and the judgment is ordered affirmed as to it, but to stand reversed as heretofore ordered in favor of appellant, the San Antonio & Aransas Pass Railway Company.