COCHRAN COUNTY et al. v. HOCKLEY COUNTY et al.

No. 5354.

Court of Civil Appeals of Texas. Amarillo.

Dec. 1, 1941.

Rehearing Denied Jan. 26, 1942.

Loyd R. Kennedy, of Morton, Cecil H. Tate, of Muleshoe, and Vickers & Campbell, of Lubbock, for appellants.

Billy Hall and E. A. Bills, both of Littlefield, for appellee Lamb County.

E. L. Klett, of Lubbock, for appellee Hockley County.

JACKSON, Chief Justice.

This suit was instituted by the plaintiffs, Cochran and Bailey counties, against the defendants, Lamb and Hockley counties, to determine the boundary lines between Bailey and Lamb and between Cochran and Hockley.

The pleadings are not questioned and are sufficient to authorize the admission of the testimony upon which the court bases his findings of fact and to warrant the judgment in favor of Hockley and Lamb counties, from which findings and decree the plaintiffs, Bailey and Cochran prosecute this appeal.

In 1876 the Legislature of the State of Texas passed an act dividing Young and Bexar territories into certain new counties and defining the boundaries of such counties. Among the new counties so created out of said territories were the four involved in this controversy with boundaries defined by the act as follows in Vol. 8, Gammel's Law, page 1073:

"The county of Lamb: Beginning at the northwest corner of Hale county; thence west thirty miles; thence south to a point thirty miles due west of the southwest corner of Hale county; thence east thirty miles to the southwest corner of Hale county; thence north to the place of beginning.

"The county of Bailey: Beginning at the northwest corner of Lamb county; thence west to the 103rd meridian, at the southwest corner of Parmer county; thence south with the 103rd meridian to a point due west of the southwest corner of Lamb county; thence east to the southwest corner of Lamb county; thence north to the place of beginning.

"The county of Cochran: Beginning at the southwest corner of Bailey county in the 103rd meridian; thence east to the southeast corner of Bailey county and southwest corner of Lamb county; thence south thirty miles; thence west to the 103rd meridian; thence north with said meridian to the place of beginning.

"The county of Hockley: Beginning at the northeast corner of Cochran county, southeast corner of Bailey county and

southwest corner of Lamb county; thence east thirty miles to the southeast corner of Lamb county and southwest corner of Hale county; thence south thirty miles; thence west thirty miles to the southeast corner of Cochran county; thence north to the place of beginning."

Bailey county lies immediately west of Lamb. Cochran lies immediately west of Hockley and south of Bailey. Hockley is south of and adjacent to Lamb. The east boundary lines of Bailey and Cochran are coincident with and constitute the west lines of Hockley and Lamb. We herewith insert a sketch that we hope will enable the reader to more readily understand the location of the counties involved and the corner in dispute:

| Parmer | Castro | Swisher | Briscoe |
|--------|--------|---------|---------|
| Bailey | Lamb | Hale | Floyd |
| Cochran | Hockley | Lubbock | Crosby |
| Yoakum | Terry | Lynn | Garza |

It is agreed that the southwest corner of Lamb county is the common corner of the four counties involved in this suit and the correct location thereof will determine this controversy since the parties concede that the location of the southeast corner of Cochran and the southwest corner of Hockley and the northeast corner of Bailey and the northwest corner of Lamb are not in dispute.

The appellants contend that since the Act of 1876 limits the south line of Lamb county to a length of thirty miles and prescribes the location of the southwest corner of Lamb at a point thirty miles due west of the southwest corner of Hale county, and inasmuch as the southwest corner of Hale is fixed, known and adjudged to be at the point designated by Ira Millington, it is mandatory to fix the southwest corner of Lamb thirty miles due west of the southwest corner of Hale as determined and designated by Mr. Millington. The record shows that the southwest corner of Lamb

county so located would place it 887 varas east of the corner as determined by the judgment of the trial court in this case.

Castro county was organized in 1891 and Bailey was attached thereto for judicial purposes from 1905 until 1918 when Bailey county was organized.

Lamb county was organized in 1908, Hockley in 1921 and Cochran in 1924. In August, 1908 the Commissioners Court of Lamb County appointed W. H. Tilson surveyor of the county and in 1910 under order of the county court of said county he surveyed the west line of said county beginning at the northwest corner thereof, ran the line, marked it on the ground and designated what he ascertained to be the southwest corner of said county by a large rock which he marked 17″x13″x11″ with WHT on the top. He prepared field notes covering the entire line, the location of the southwest corner, made a complete report of his work to the county which on order of the court was recorded and a certified copy thereof forwarded to the General Land Office where it was filed. The State Land Commissioner recognized the line designated by Mr. Tilson as the true location of the west boundary and his corner as the southwest corner of Lamb county. While this survey was made solely on the order and request of Lamb county, if the survey was correct the line so fixed and marked was coincident with the east boundary line of Bailey County.

On February 8, 1916, in compliance with article 1582, Vernon's Annotated Civil Statutes, the county court of Lamb county, acting through its judge, C. H. Curl, appointed W. D. Twitchell to survey the west boundary line of said county and place permanent markers thereon with cement monuments at the northwest and southwest corners of said county. The order provided that a certified copy thereof be served on C. F. Kerr, the county judge of Castro county to which the county of Bailey was then attached for judicial purposes.

On March 14, 1916, the county court of Castro county, acting for Bailey county, by a proper order, appointed W. J. Williams to act with W. D. Twitchell in locating, fixing and marking the boundary lines between Lamb and Bailey counties. Under the respective orders of Lamb and Castro W. D. Twitchell and W. J. Williams together surveyed the line between Lamb and Bailey, determined and marked such line, ascertained the southwest corner of

Lamb, the southeast corner of Bailey and also the northwest corner of Lamb and the northeast corner of Bailey. Twitchell and Williams made field notes of their work calling for the artificial markers placed each mile along the line, made a complete report thereof to Lamb and Castro counties; made a map of the line, all of which or a copy thereof was filed with each of the two counties. This work was also filed with the land office on August 6, 1917, and was approved by the commissioner of the land office as designating the true boundary line between these two counties and determining and marking the southwest corner of Lamb and the southeast corner of Bailey. The Twitchell-Williams line is substantially identical with the Tilson line and the corner fixed by Tilson for the southwest corner of Lamb and the southeast corner of Bailey was identical with the corner and the location thereof determined by Twitchell and Williams, which they designated by a cement monument 6"x6" at the base, 30 inches in height and 4"x4" at the top.

The testimony shows that the Tilson line surveyed in 1910 and the Twitchell-Williams line surveyed in 1916 are marked on the ground, well defined and the point fixed for the southwest corner of Lamb and the southeast corner of Bailey by the two surveys are substantially identical. The Tilson line was recognized subsequent to 1910 as the common line between Bailey and Lamb and the Twitchell-Williams line was thereafter recognized as such common boundary. Each county worked its public roads to said line. Each county exercised its jurisdiction to said line. Taxes were assessed by each county and the citizens paid taxes on their land according to the location of said line. In 1918 when Bailey County was organized it was laid off into commissioners' precincts, justices' precincts and constables' precincts according to the boundary line fixed by Twitchell and Williams and the locations they fixed for Bailey and Lamb counties at their common corners.

■ The court finds that the survey in 1910 for Lamb county by W. H. Tilson fixed the boundary line, located the southwest corner on the ground and designated the location thereof as heretofore described; that the field notes and report thereof were received by the county, filed and recorded and a copy thereof forwarded to the state land office and the survey therein as revealed was approved by the land commissioner; that by order of the county court of Lamb county and the order of the county court of Castro county to which Bailey was attached for judicial purposes made in 1916, W. D. Twitchell and W. J. Williams surveyed and marked the common line between Lamb and Bailey counties; that their survey was substantially identical with the Tilson survey; that said survey was accepted by Lamb and Castro and approved by the Commissioner of the General Land Office as the true boundary and the true location of the southwest corner of Lamb and the southeast corner of Bailey; that such line and corner were recognized, acquiesced in and accepted by each of said counties and the citizens thereof.

The common line between Bailey and Lamb was determined by Twitchell and Williams, who were appointed according to the statutes. The fact that Bailey County acted through the county court of Castro county, to which it was attached for judicial purposes, would not in our opinion affect the regularity or legality thereof. Kaufman County v. McGaughey, 11 Tex.Civ.App. 551, 33 S.W. 1020, writ refused.

In Lynn County et al. v. Garza County, 58 S.W.2d 24, 26, the Supreme Court, speaking through Judge Sharp, says: "The rule is now well settled that, in case of a disputed boundary line between two or more counties where the line had been established and recognized by the counties interested, and by the commissioner of the general land office of Texas, the law requires that same shall be declared the true line, though not mathematically correct, provided no provision of the Constitution is violated."

See also Hunt County v. Rains County, 116 Tex. 277, 288 S.W. 805; C. L. Jones v. R. M. Powers et al., 65 Tex. 207; Hale County v. Lubbock County, Tex.Civ.App., 194 S.W. 678.

The common line between Bailey and Lamb and the southeast corner of Bailey and the southwest corner of Lamb had been fixed, marked on the ground, recognized by the two counties and the general land office for a quarter of a century.

Article 1606, Vernon's Annotated Civil Statutes, provides: "The county boundaries of the counties in this State as now recognized and established are adopted as the true boundaries of such counties, and

the acts creating such counties and defining the boundaries are continued in force."

For an interpretation of this statute, see Hutchinson County v. Carson County, Tex.Civ.App., 83 S.W.2d 699, and the authorities therein cited.

On May 25, 1937, the county court of Cochran county by a proper order appointed A. L. Harris to survey and mark on the ground the east boundary line of Cochran county and he was directed by the order to begin at the common corner of Hockley, Terry and Yoakum with the southeast corner of Cochran as previously marked by him and to run the line northward to the northwest corner of Hockley county as theretofore located on the ground by said surveyor. Hockley county was notified of this order and on June 14, 1937, the county court of said county appointed W. J. Williams to survey the east line of said Hockley county in connection with Mr. Harris. The two surveyors met on the date arranged and agreed on the proper location of the southeast corner of Cochran and the southwest corner of Hockley but disagreed as to the course to be run or the point to be reached as the northeast corner of Cochran and the northwest corner of Hockley. This difference they certified to the land commissioner under article 1589, Vernon's Annotated Civil Statutes. At a conference thereafter held at the land office the commissioner concurred in the opinion of Mr. Williams and directed that the line should be projected from the southwest corner of Hockley and the southeast corner of Cochran to the southwest corner of Lamb county as located by W. H. Tilson in 1910 and redetermined by Twitchell and Williams in 1916, which point constituted the southwest corner of Lamb and the southeast corner of Bailey. Mr. Harris declined to cooperate in running the line as directed by the commissioner and Mr. Williams on September 9th proceeded to survey the line and mark it on the ground as provided in article 1588. He projected the line from the admitted southwest corner of Hockley and the southeast corner of Cochran to the southeast corner of Bailey and the southwest corner of Lamb as theretofore fixed by Tilson in 1910 and thereafter determined by the Twitchell-Williams survey in 1916, which was approved by the counties, the land commissioner and acquiesced in by the citizens. He made a report of his work to Hockley

county accompanied by a complete set of field notes designating the common line between Cochran and Hockley. Such report and field notes were filed in the land office and approved by the land commissioner.

In the suit of Lynn County et al. v. Garza County, supra, the counties of Cochran and Hockley were parties. The trial court found in his judgment introduced in evidence in this case that the line between Hockley and Cochran had not at that time been marked on the ground but should be a straight line running north and south, beginning at the southeast corner of Cochran and the southwest corner of Hockley and extended northward to the southeast corner of Bailey and the southwest corner of Lamb and adjudged that the east boundary of Cochran and the west boundary of Hockley be a line extending from the southwest corner of Hockley and the southeast corner of Cochran due north on the meridian to the southwest corner of Lamb and the southeast corner of Bailey. On appeal the Court of Civil Appeals reversed the holdings of the trial court, 42 S.W.2d 627; a writ of error was granted and the judgment of the trial court approved by Judge Sharp in Lynn County et al. v. Garza County et al., supra. This opinion is dated March 15, 1933.

The southwest corner of Lamb and the southeast corner of Bailey had been located in 1910 by Tilson and in 1916 by Twitchell and Williams. Such corner was marked, identified, known, recognized and acquiesced in by the counties, the citizens and the general land office and the call for this identified common corner in the judgment of the trial court in the Lynn-Garza case must control and the call for course north on the meridian must yield to the call for the fixed and identified corner. Kirby Lumber Co. v. Gibbs Bros. & Co., Tex.Com.App., 14 S.W.2d 1013, and authorities therein cited; Gulf Oil Corporation et al. v. Outlaw et al., 136 Tex. 281, 150 S.W.2d 777, 783.

The court in his judgment included the field notes of the Twitchell-Williams survey of the common line between Bailey and Lamb by which said line was described and the corner fixed; he included in his judgment the field notes of W. J. Williams of the common line between Cochran and Hockley made after Mr. Harris declined to cooperate with him in the survey and adjudged and decreed that the Twitchell-

Williams corner was the true, common corner of the four counties and that the common boundary was fixed by the field notes of Twitchell and Williams between Bailey and Lamb and by the field notes of Williams between Cochran and Hockley.

The case was submitted to the trial judge without the intervention of a jury and his judgment locating the lines and corner involved is affirmed.